SUHRHEINRICH, Circuit Judge,
dissenting.
I write separately to respectfully dissent from the majority’s opinion because I would find that this suit is barred by the one-year statute of limitations.
I.
I agree with the majority that a one-year statute of limitations applies to this case under Tennessee law. I also agree that federal law determines when a cause of action is deemed to have accrued. However, I disagree with the majority’s finding that the cause of action in this case accrued on election day, November 5,1996. Instead, I agree with the district court and would find that the cause of action accrued in October, 1996, when the plaintiffs were given official notice that they were being denied the right to vote because of their failure to provide their social security numbers.
Generally, a civil rights cause of action accrues when the plaintiff knew or should have known of the injury. For example, the Supreme Court held that a cause of action accrues at the time the plaintiff has notice of the discriminatory act for civil rights cases in the employment context. See Delaware State College v. Ricks, 449 U.S. 260, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980) (denial of tenure case filed under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981 accrued on date tenure was denied, not when employment terminated a year later as a result of that denial); see also Janikowski v. Bendix Corp., 823 F.2d 945, 947-48 (6th Cir.1987) (Age Discrimination in Employment Act action accrued on date employee was notified of pending termination, not on the actual date of termination) (citing Chardon v. Fernandez, 464 U.S. 6, 102 S.Ct. 28, 70 L.Ed.2d 6 (1981) (per curiam), and Delaware State College v. Ricks, 449 U.S. 250, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980)).
In Delaware State College v. Ricks, a junior faculty member was notified that he had been denied tenure, but was given a “terminal” contract that extended his employment for one-year beyond the date his tenure was denied. The Supreme Court found that the cause of action for his denial of tenure accrued on the date that he was given notice of the denial, rather than on the date of his termination at the conclusion of his “terminal” contract. The Court noted that the “termination of employment at Delaware State is a delayed, but inevitable consequence of the denial of tenure.” Id. at 257-58, 101 S.Ct. 498 (emphasis added). The Supreme Court has also held that for the purposes of computing the statute of limitations period, the “proper focus is on the time of the ... act, not the point at which the consequences of the act become painful.” Chardon v. Fernandez, 454 U.S. at 8, 102 S.Ct. 28 (42 U.S.C. § 1983 employment termination case)(original emphasis).
This notice-based test to determine when a cause of action has accrued has also been applied in a variety of other civil rights actions. See, e.g., Watts v. Graves, 720 F.2d 1416 (5th Cir.1983) (per curiam) ( 42 U.S.C. § 1983 civil rights action against local police alleging violation of Fourth Amendment rights based on warrantless search); Eagleston v. Guido, 41 F.3d 865 (2d Cir.1994) (42 U.S.C. § 1983 civil rights action against police alleging equal protection violation in police arrest policies relating to domestic violence complaints).
Likewise, in this case, the Lawsons’ inability to vote on November 5, 1996, was a delayed, but inevitable consequence of the denial of their registration application in October, 1996. The alleged deprivation of their rights occurred, and the filing limitations period began to run, at the time their registration application was denied, even though the effect of that denial did not occur until election day. Since the Law-sons were notified of that denial in October, 1996, more than one year prior to *338-356 filing their complaint, their suit is time-barred.
II.
Accordingly, I respectfully dissent from the majority’s opinion because I would affirm the district court’s opinion by finding that the statute of limitations barred this action. Footnotes